■ In the Matter of the Claim of MANUEL CASTILLO, Appellant. HENRY SCHEIN, INC., Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [662 NYS2d 870] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance

Appeal Board, filed April 26, 1996, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was a supervisor at a warehouse owned by his employer and was responsible for appraising merchandise which came into the warehouse after it had been acquired as part of his employer's purchase of another company. Specifically, claimant's duties included determining whether this merchandise was of value to his employer; if not, it could be discarded. Claimant was discharged from his position after it was discovered that he had removed valuable merchandise from the warehouse without permission and sold it for his own personal gain to one of his employer's business associates. Claimant now appeals from a decision of the Unemployment Insurance Appeal Board which sustained the determination of an Administrative Law Judge, *inter alia*, disqualifying him from receiving unemployment benefits because he lost his employment due to misconduct.

Substantial evidence supports the Board's decision that claimant engaged in disqualifying misconduct by removing valuable merchandise from his employer's warehouse and selling it after he had represented to his supervisors that this merchandise had no value. His exculpatory explanation for removing and selling this merchandise—for which he received $2,000—merely raised a credibility issue which the Board could properly choose to resolve against him (*see, Matter of Hue [Hudacs]*, 210 AD2d 719, 720; *Matter of Barrientos [Hudacs]*, 190 AD2d 926, 927; *Matter of Tedesco [Trans World Airlines—Hudacs]*, 183 AD2d 1082).

We reject claimant's contention that he was prejudiced by his inability to obtain certain warehouse records. The record reveals that claimant obtained many of the documents he requested and that the other documents he sought simply did not exist. We have reviewed claimant's remaining contentions and find them unavailing.

Cardona, P. J., Mikoll, Casey and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.